ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 23 PM 3: 33

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES SHINDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-018 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Georgia Department of Corrections ("GDOC") and (2) Warden Morales; (3) Deputy Warden Jones; and, (4) the Administrative Staff of Johnson State Prison (hereinafter "the JSP Defendants"), in their individual and official capacities. (Doc. no. 1, pp. 1, 4, 8.) According to Plaintiff, prison officials searched his cell on September 20, 2010, and found a cellphone and an "altered adapter" inside the light fixture. (Id. at 5.) Plaintiff reports that he went to "disciplinary court" on September 28, 2010, where he was found guilty of possessing a communication device and sentenced to 28 days of isolation, 90 days of "store, phone, and package restriction," 90 days of "TPM extension," "recommend outside warrant," and a $100.00 restitution fee. (Id.) Plaintiff states that he appealed the $100.00 restitution fee on September 28, 2010, and that the appeal was denied by Defendant Morales "after further review and based on policy and procedure." (Id. at 5, 9.) Plaintiff alleges that he appealed Warden Morales's denial to the Commissioner's Officer of the GDOC on October 18, 2010, and that appeal was denied by Shevondah Fields on November 17, 2010 "based on the results of a thorough investigation." (Id.)

According to Plaintiff, he then filed an informal grievance about the issue on December 20, 2010,[2] which was denied by Deputy Warden Clark, who informed Plaintiff that, pursuant to GDOC policy "SOP II B02-001," an inmate "found guilty of DR/charge D-3 will be charged an administrative processing fee of $100.00." (Id.) Plaintiff reports that he

---

[2]Plaintiff states that he filed an informal grievance on December 20, 2012. (Doc. no. 1, p. 9.) It appears that Plaintiff means December 20, 2010, however, as he reports that the informal grievance was denied on January 2, 2011. (See id.)

2

then filed a formal grievance on January 10, 2011, which was denied by Deputy Warden Toby, who explained to Plaintiff that "[b]ecause of the time and formal processing required when pursuing felony charges for local prosecution, an offender found guilty of DR charge D-3(l) will be charged an administrative processing fee of one hundred dollars ($100.00)." (Id. at 9-10.) Plaintiff asserts that he appealed the denial of his formal grievance to the GDOC, and Ms. Fields denied the appeal on February 22, 2011, because "[their] review revealed that prison officials are following policy in regards to charging [Plaintiff] an administrative fee of $100.00 when [he was] found guilty of being in possession of a cellphone." (Id. at 10.)

Plaintiff also reports that in June or early July of 2011, JSP officials loaded him and "some 30 other individuals" into vans and transported them to the Johnson County Sheriff's Office, where they were told they "were being booked on charges of bringing a communication device across a guardline." (Id.) Plaintiff alleges that he and others requested copies of their warrants and indictments, but they "were refused both." (Id. at 10-11.) Plaintiff avers that the clerk of court informed him that his charge was *nolle prosequi* on February 28, 2012. (Id. at 11.)

According to Plaintiff, JSP and GDOC "are charging inmates this $100.00 processing fee and then not pursuing local felony prosecution," and GDOC is "operating as a R.I.C.O." and has "created an S.O.P. that allows them to charge an inmate $100.00 but [it is] not using the proceeds as per [its] own policy." (Id.) Plaintiff also alleges that GDOC "force[s] the inmates into paying this fine but allow[s] the officers caught bringing this same contraband into an institution to simply walk away from their job." (Id.) Plaintiff asserts that "this is

3

nothing more than a scam." (Id.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 6.)

## II. DISCUSSION

### A. Plaintiff Fails to State a Claim Against GDOC

As a governmental entity, GDOC is not subject to liability based on Plaintiff's claims against it. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Plaintiff here attempts to bring claims under § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. Neither § 1983 nor RICO abrogates the sovereign immunity of the states, however. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."); Gaines v. Texas Tech Univ., 965 F. Supp. 886, 889 (N.D. Tex. 1997) (collecting cases concluding

4

that RICO does not abrogate states' Eleventh Amendment immunity).[3] Plaintiff has therefore failed to state a claim upon which relief may be granted against GDOC, and it should be dismissed from this case.

## B. Plaintiff Fails to State a § 1983 Claim against the JSP Defendants

Moreover, liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to state a viable § 1983 claim upon which relief may be granted against the JSP Defendants. Plaintiff alleges that there is a prison regulation codified in the Standard Operating Procedure ("SOP") of the GDOC that allows for the imposition of a restitution fee on inmates who are charged with possessing a cellphone, and that the

---

[3]Even if sovereign immunity did not bar Plaintiff's claims, however, he would still fail to state a claim against GDOC. Plaintiff alleges that the GDOC "as a whole" is charging inmates the restitution fee and then failing to pursue local felony prosecution. (Doc. no. 1, p. 11.) Plaintiff purports to bolster his claim that the restitution fee is a "scam" with the vague assertions that, at unspecified institutions, there are an "enormous amount of DRs as compared to [a] minimal amount of legal action," and staff members are not prosecuted for the same conduct for which the fee is imposed on inmates. (Id.)

Problematically, however, the only specific details Plaintiff provides in his complaint concern his experience at JSP, and such details are entirely lacking for Plaintiff's assertions concerning conduct across the *entire* GDOC. Stated simply, Plaintiff's allegations concerning the GDOC as a whole are plainly speculative and conclusory, and such allegations are insufficient to state a viable claim. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Plaintiff also falls well short of stating a claim under RICO because he has not alleged a "pattern of racketeering activity" that violates RICO, as he has not alleged *any* acts of racketeering activity as defined in 18 U.S.C. § 1961(1). See 18 U.S.C. §§ 1962 and 1964(c); see also Matthews v. Petrilla, CIV.A. 3:11-2282, 2012 WL 3782525, at *6 (M.D. Pa. Aug. 7, 2012), *adopted by* 2012 WL 3781174 (M.D. Pa. Aug. 31, 2012) (concluding that plaintiff's allegation that prison officials were deducting fees from his account for convictions of misconduct failed to state a claim under RICO because he did not allege any acts of racketeering activity).

restitution fee is imposed to account for the costs of pursuing local prosecution of felony charges. According to Plaintiff, officials at JSP "are charging inmates this $100.00 processing fee and then not pursuing local felony prosecution."

First of all, Plaintiff's assertion that officials at JSP are not pursuing local prosecution is belied by his own report that he was taken to be booked on charges and ultimately received a notice from the clerk of court that a *nolle prosequi* was issued in his case. It appears Plaintiff's contention is that the *nolle prosequi* is somehow evidence that officials at JSP are not pursuing local prosecution. The decision whether or not to ultimately prosecute a criminal case, however, would be a matter entirely in the local prosecutor's discretion, not that of corrections officials. See, e.g., Borkenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").

In any event, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a § 1983 claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); see also Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table) ("In a § 1983 action, a federal court considers whether a *constitutional* right has been infringed, not whether bureaucratic procedures have been violated."); Taylor v. White, CIV.A. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim

for deprivation of a constitutional right."); Jones v. Schofield, 1:08-CV-7 WLS, 2009 WL 902154, at *3 (M.D. Ga. Mar. 30, 2009) ("Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action.").

Plaintiff has at most alleged that the JSP Defendants are not using the fees being collected from inmates for their designated purpose under the SOP. As Plaintiff has merely alleged a failure to comply with a prison regulation by prison officials, he has not stated a claim of the deprivation of a federally protected right.[4] Accordingly, Plaintiff has failed to state a § 1983 claim upon which relief may be granted against the JSP Defendants.[5]

---

[4] The Court is aware that the claims in Plaintiff's § 1983 claim may also be barred by the applicable statute of limitations. Notably, the Eleventh Circuit Court of Appeals has not yet resolved the issue of whether the statute of limitations in a § 1983 action is tolled while a prisoner plaintiff completes the exhaustion of administrative remedies, where such is a mandatory prerequisite to filing a federal civil action pursuant to 42 U.S.C. § 1997e(a). See Leal v. Ga. Dep't of Corrs., 254 F.3d at 1279-81 (declining to reach the issue, which was presented for the first time on appeal). Other courts, however, including one within this District, have concluded the statute of limitations does not commence until the mandatory exhaustion process is begun and/or completed. See, e.g., Fitzpatrick v. Ga. Dep't of Corrs., CV 612-022, 2012 WL 5207472, at *1 (S.D. Ga. Oct. 22, 2012) (Edenfield, J.).

Here, Plaintiff reports that he immediately began appealing the imposition of the fee on the date it was imposed, September 28, 2010, and then, on December 20, 2010, he began the administrative grievance process, which he avers was not completed until February 22, 2011, when the GDOC denied his appeal of the denial of his formal grievance. (See id. at 5, 9.) Applying the "prison mailbox" rule, see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993), Plaintiff's complaint, signed on February 18, 2013, was filed within two years of his completion of the exhaustion process. See Leal, 254 F.2d at 1279 (noting that statute of limitations for § 1983 actions in Georgia is two years). Fortunately, however, as Plaintiff fails to state a § 1983 claim upon which relief may be granted, the Court need not and does not make any definitive finding here about whether Plaintiff's § 1983 claim is barred by the statute of limitations.

[5] Moreover, as noted above, Plaintiff specified that he is proceeding against the JSP Defendants in both their individual and official capacities. (See doc. no. 1, p. 8.) However, to the extent Plaintiff seeks an award of monetary damages (id. at 6), such a claim is barred

7

In sum, Plaintiff's allegations fail to state a claim upon which relief may be granted. Therefore, Plaintiff's complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

against the JSP Defendants in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment bars official capacity claims against state officials for money damages). Therefore, even if he stated a claim, Plaintiff's official capacity claims for monetary relief against the JSP Defendants fail as a matter of law and would be subject to dismissal.